IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KNOBLOCH, INC. AND TANNEHILL SEWER, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF LAKE VIEW, ALABAMA; )<br>D.R. HORTON, INC. – BIRMINGHAM; )<br>TANNEHILL PRESERVE OWNERS )<br>ASSOCIATION; )<br>ENGINEERING DESIGN GROUP, LLC;)<br>AND PINNACLE WASTEWATER )<br>SYSTEMS, LLC )<br>)<br>Defendants. ) | Adversary Proceeding No.<br><br>_____ |
| IN RE: )<br>)<br>ECO-PRESERVATION SERVICES, )<br>L.L.C., SERMA HOLDINGS, LLC, and )<br>JOHN MICHAEL WHITE, )<br>)<br>Debtors. ) | CHAPTER 11 BANKRUPTCY<br><br>CASE NO.: 22-02429 DSC11<br>JOINTLY ADMINISTERED |

### NOTICE OF REMOVAL

TO:   R. Aaron Chastain
      James B. Bailey
      Bradley Arant Boult Cummings LLP
      1819 Fifth Avenue North
      Birmingham, Alabama 35203

>Jacqueline Anderson Smith, Circuit Clerk
>Jefferson County Circuit Court
>Civil Division – Room 400
>716 Richard Arrington Blvd. N.
>Birmingham, Alabama 35203

**Formerly Jefferson County Circuit Court Case No. 01-CV-2025-903924**

Defendant the City of Lake View, Alabama ("Lake View"), hereby files this Notice of Removal of this matter from the Circuit Court of Jefferson County, Alabama, Birmingham Division, to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure. The case should be automatically referred to the United States Bankruptcy Court for the Northern District of Alabama pursuant to the Court's General Order of Reference dated July 16, 1984, as amended on July 17, 1984. As grounds for removal, Lake View respectfully states the following:

## PROCEDURAL REQUIREMENTS

1. Plaintiffs filed this lawsuit on September 13, 2025, against Defendants City of Lake View, Alabama, D.R. Horton, Inc. – Birmingham, Tannehill Preserve Owners Association, Engineering Design Group, LLC, and Pinnacle Wastewater Systems, LLC in the Circuit Court of Jefferson County, Alabama, Birmingham Division. The lawsuit Plaintiffs filed is referred to herein as the "Jefferson County Action."

2. Plaintiffs served a copy of the Complaint in the Jefferson County Action on Lake View's authorized agent for service of process on September 18, 2025.

3. Thus, this Notice of Removal is timely filed under 28 U.S.C. §§ 1446(b)(2)(B) and 1452 and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure within thirty (30) days of the date of service of the Summons and Complaint upon Lake View, which is the first-served Defendant.[1]

4. A copy of the docket sheet from the Circuit Court of Jefferson County, Alabama, Birmingham Division, Civil Action No. 01-CV-2025-903924, together with copies of all documents filed in that action, is attached hereto as Exhibit 1.

5. All co-Defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2). *See Brand v. Church*, 2019 WL 1452891, at *5, n.3 (N.D. Ala. Apr. 2, 2019) (denying remand for lack of consent by defendant who was not served at the time of removal). Copies of the consents of all co-Defendants are attached hereto collectively as Exhibit 2. There is unanimity of removal.

---

[1] The Jefferson County Circuit Clerk's office does not reflect service on any of the Defendants. Defendant D.R. Horton, Inc. – Birmingham was served on September 22, 2025. Defendant Engineering Design Group, LLC was served less than 30 days ago. Defendants Tannehill Preserve Owners Association and Pinnacle Wastewater Systems, LLC have not been served.

6. Pursuant to 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

7. Pursuant to 28 U.S.C. §§ 1334 and 1452 and the General Order of Reference dated July 16, 1984, and amended July 17, 1984 of the Northern District of Alabama (the "General Order"), upon removal this case should be referred automatically to the Bankruptcy Court.

8. Pursuant to 28 U.S.C. § 1446(d), Lake View is serving a copy of this Notice of Removal on the Plaintiffs and all other parties to this matter. A copy of this Notice of Removal will also be electronically filed with the Clerk of the Circuit Court of Jefferson County, Alabama, Birmingham Division.

## BACKGROUND

9. Plaintiffs are "Non-Debtor Defendants" in various Adversary Proceedings related to bankruptcy cases filed under Chapter 11 of the Bankruptcy Code by Eco-Preservation Services, LLC ("ECO"), SERMA Holdings, LLC ("SERMA"), and J. Michael White ("White") on October 5, 2022.

10. By order dated December 15, 2022, the Bankruptcy Court directed the joint administration of the Debtors' bankruptcy cases under Case Number 22-02429-DSC11.

11. On December 30, 2024, Brian Walding was appointed as Trustee for the Bankruptcy Estates.

12. Plaintiff Tannehill owns the sewer collection system for Lake View, as well as the property where Debtor ECO's treatment plan is located. Plaintiff Knobloch is the parent company of Tannehill. As the Court is aware, Plaintiffs are intricately related to the Debtors.

13. The underlying bankruptcy case involves numerous Adversary Proceedings, which name Plaintiffs Knobloch and Tannehill as Defendants. The Adversary Proceedings include:

- AP No. 24-0039-DSC, *City of Lake View, Alabama v. J. Michael White, SERMA Holdings, LLC, ECO-Preservation, L.L.C. d/b/a Tannehill Sewer, Knobloch, Inc., Bama Management, LLC, SERMA Funding, LLC, and Tannehill Sewer, LLC*. This Adversary Proceeding involves claims by one of the Defendants here, Lake View, against the Debtors, as well as against Plaintiffs Tannehill and Knobloch, for declaratory relief and other claims arising from Plaintiffs' operation of the sewer system for Lake View and the sewer franchise and related agreements among Lake View, Debtors, and Plaintiffs. On July 23, 2025, **Plaintiffs Knobloch and Tannehill asserted counterclaims** against Lake View for declaratory relief related to the sewer franchise

and related agreements among Lake View, Debtors, and Plaintiffs. Plaintiffs' (Amended Answer and) Counterclaim in that Adversary Proceeding is attached hereto as Exhibit 3. Plaintiffs' Counterclaim begins on page 33.

- AP No. 25-0019-DSC, *Lindsay Davis, Benjamin Davis, Nicole Slone, Monica Lawrence, and John Lawrence, Jr., v. Knobloch, Inc., Tannehill Sewer, LLC, May Paul White, Henry H. Tyler, Curtis White Development Co., L.L.C., SERMA Funding, LLC, Ben. J. Schillaci, and Shandi R. White*, which case was removed to this Court **by Plaintiffs**.

- AP No. 25-0024-DSC, *Brian Walding v. SERMA Holdings, LLC, Knobloch, Inc., SERMA Funding, LLC, & Tannehill Sewer, LLC*.

- AP No. 25-0033-DSC, *Brian Walding v. Knobloch, Inc., Tannehill Sewer, LLC, et al.*

14.  As part of AP No. 25-0024, the Court entered an Injunction Order on August 29, 2025, that kept the sewer system operational. That Order expressly said that Plaintiff **Tannehill** is enjoined from "[t]aking any actions that obstruct, hinder, or impede use by the Trustee, his designees, or ECO, of the Sewer Franchise, the Sewer Collection System, or the land on which ECO's Wastewater treatment plant is situated." AP No. 25-0024-DSC at Doc. 36, p. 2-3.

15. The Court also enjoined Plaintiff **Knobloch** from "[t]aking any actions that obstruct, hinder, or impede use by the Trustee, his designees, or ECO, of the NPDES permit or the Discharge Pipeline" and "interfering with, or refusing to cooperate with, the Trustee regarding the regulatory responsibility for the NPDES permit related to the Discharge Pipeline." AP No. 25-0024-DSC at Doc. 36, p. 2-3.

16. The Court's Injunction Order serves to enjoin Plaintiffs Knobloch and Tannehill, referred to by the Court as "Non-Debtor Defendants," from taking actions that would interfere with the Trustee's and ECO's operation and use of the sewer franchise that serves Lake View and the sewer collection system around Lake View.

## BANKRUPTCY JURISDICTION

17. The Jefferson County Action was initiated on September 15, 2025, subsequent to the Petition Date on October 5, 2022. This Notice of Removal is timely pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, because this Notice of Removal is filed within thirty (30) days after Lake View's receipt of the Summons in the Jefferson County Action.

18. The Jefferson County Action is properly removable because (i) the Jefferson County Action falls within the core jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O); and (ii) to the extent the Jefferson

7

County Action is not a core proceeding, 28 U.S.C. § 1334 confers jurisdiction because the Jefferson County Action is related to the Debtors' jointly-administered bankruptcy proceeding.

19. The core jurisdiction of the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2) is construed "as broadly as possible" so as to be "close or congruent with constitutional limits." *See Luan Invs. S.E. v. Franklin 145 Corp. (In re Petrie Retail)*, 304 F.3d 223, 229 (2d Cir. 2002). This extensive jurisdictional reach is "essential to the efficient administration of bankruptcy proceedings." *Id*. at 229. Pursuant to the General Order, upon removal the Jefferson County Action should be automatically referred to the Bankruptcy Court as a "core" adversary proceeding governed by Rule 7001, *et. seq*. of the Federal Rules of Bankruptcy Procedure.

20. The Jefferson County Action involves the Bankruptcy Court's "core" jurisdiction. The United States Code includes as "core proceedings" the following categories: "(A) matters concerning the administration of the estate" and "(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship." 28 U.S.C. § 157(b)(2)(A) and (O).

21. Plaintiffs' claims in the Complaint seek a declaration that Lake View breached its contract with Tannehill for it to provide sewer service to Lake View's

8

residents. Plaintiffs also allege that the Defendants conspired with each other to intentionally interfere with Tannehill's contract with Lake View.

22. Plaintiffs' claims against Lake View in the Complaint seek declaratory relief concerning the sewer franchise and related agreements among Lake View, Debtors, and Plaintiffs Knobloch and Tannehill. The claims are similar to those in the Counterclaim filed against Lake View in AP No. 24-0039-DSC, in which Plaintiffs Knobloch and Tannehill seek declaratory relief concerning the sewer franchise and related agreements among Lake View, Debtors, and Plaintiffs.

23. In fact, the factual allegations in the Plaintiffs' Counterclaim are nearly identical to those in the Complaint filed by Knobloch and Tannehill in the Jefferson County Action. Large sections of the Complaint are copied and pasted from the Counterclaim. *Compare* Exhibit 1, the Complaint, at ¶¶ 10-14, 17-28, 29-30, 31-42 *with* Exhibit 3, the Counterclaim at ¶¶ 9-13, 15-26, 35-36, 43-54.

24. Numerous underlying factual allegations in Plaintiffs' Counterclaim in AP No. 24-0039-DSC and in Plaintiffs' Complaint in the Jefferson County Action relate to and discuss the essential role Debtors ECO and SERMA have in this case. *See* Exhibit 1, the Complaint, at ¶¶ 1, 2, 14, 15, 16, 17, 19, 20, 21, 22, 23, 25, 26, 29, 30, 32, 34, 37, 43, 44, 45, 46, 57, 68, 70, 79, 80, 87; Exhibit 3, the Counterclaim, at ¶¶ 1, 2, 3, 15, 17, 18, 19, 20, 21, 23, 24, 27, 28, 30, 31, 33, 34,

35, 36, 37, 39, 40, 44, 46, 57, 58, 66, 68, 71, 72, 80, 81, 82, 83, 85, 87, 90, 91, 92, 93, 94, 95, 96.

25. The Court's October 3, 2025 Order in AP No. 25-0024-DSC recognized the fact that the claims alleged by Plaintiffs here are related to adversary proceedings before the Court. The Court said, "Perhaps the Non-Debtor Defendants [Knobloch and Tannehill] have indeed asserted claims in the Jefferson County Action that are also, or similarly, asserted in adversary proceedings pending before this Bankruptcy Court…. This Court is acutely aware that the parties have interests in resolving the ongoing disputes associated with the sewage system, and the Court notes the congruity of claims that are now pending in two lawsuits across two different forums." AP No. 25-0024-DSC at Doc. 64, p. 3-4.

26. Plaintiffs are already named defendants in Lake View's Adversary Proceeding, AP No. 24-0039-DSC. As noted, Plaintiffs asserted a Counterclaim against Lake View in AP No. 24-0039-DSC. The claims in the Complaint could have been (and should have been) asserted against Lake View in that Adversary Proceeding. To the extent that any alleged conspiracy exists, as Plaintiffs contend, the other Defendants here are necessary parties to Plaintiff's Counterclaim in that Adversary Proceeding.

27. In addition, based on the allegations in the Complaint (and in the Counterclaim), *the Debtors are clearly necessary parties* to the Jefferson County

Action because Plaintiffs seek a declaration concerning the sewer franchise and the related agreements among Lake View, Debtors, and Plaintiffs. If the Jefferson County Action were to proceed in Jefferson County Circuit Court, Lake View will have to seek relief from the bankruptcy stay in order to add the Debtors as necessary parties to that action. Thus, the declaratory relief sought by Plaintiffs in the Complaint, by Lake View in AP No. 24-0039, and by Plaintiff's in their Counterclaim directly affect the administration and assets of the Bankruptcy Estate.

28. In other words, Plaintiffs Knobloch and Tannehill assert claims "concerning the administration of the estate" and "affecting … the assets of the estate," pursuant to 28 U.S.C. § 157(A) and (O). Therefore, the Jefferson County Action falls within the core jurisdiction of the Bankruptcy Court.

29. Removal is also appropriate so as to avoid inconsistent or conflicting rulings by the Bankruptcy Court and the Circuit Court of Jefferson County, Alabama.

30. Furthermore, removal of the foregoing action is in the best interests of the Bankruptcy Estates because consolidation of all pending litigation shall reduce the administrative expense to the Debtors' estates. Allowing the Jefferson County Action to proceed would likely have a downstream effect adverse to the Bankruptcy Estates and the creditors thereof.

31. Even Plaintiffs recognized these practical facts (paragraphs 29-30) when they removed AP No. 25-0019-DSC to this Court. Plaintiffs could have easily asserted additional counterclaims against Lake View in AP No. 24-0039-DSC. Plaintiffs could have filed a new Adversary Proceeding against Defendants. Instead, Plaintiffs chose to file their Complaint in the Circuit Court of Jefferson County, Alabama, for the purpose of delay and attempting to obtain an inconsistent or conflicting ruling from the Jefferson County Circuit Court. This is exactly what Plaintiffs sought to avoid when they removed AP No. 25-0019-DSC from the Circuit Court of Tuscaloosa County, Alabama. "What is good for the goose is good for the gander."

## **SUPPLEMENTAL OR RELATED TO JURISDICTION**

32. In the alternative, the claims and defenses in the Jefferson County Action fall within the "related to" jurisdiction of the Bankruptcy Court. A proceeding qualifies as "related to" a bankruptcy proceeding under 28 U.S.C. § 1334(b) if the "result could conceivably have an effect on the estate being administered in bankruptcy." *In re Ryan*, 276 Fed. Appx. 963, 966 (11th Cir. 2008) (quotation marks omitted) (citing *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990)).

33. The Bankruptcy Court has jurisdiction over the Complaint because the Plaintiffs seek relief that could alter the assets and/or liabilities of the Debtors

12

themselves as well as those of Plaintiffs. *See Ryan*, 276 Fed. Appx. at 966–67 ("We have recognized that a bankruptcy court has jurisdiction over a dispute when the resolution of that dispute could conceivably have an impact on the amount of money in the bankruptcy estate."). A complaint that seeks to declare the rights as between Plaintiffs, as Non-Debtor Defendants in several Adversary Proceedings, and Lake View concerning the sewer franchise and related agreements among Lake View, Debtors, and Plaintiffs (and that asserts tortious interference and conspiracy claims against the other Defendants related to the sewer franchise and related agreements among Lake View, Debtors, and Plaintiffs) is "related to a case under title 11 under any plausible construction of the statutory text [of 28 U.S.C. § 1334(b)] . . . ." *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307, n. 5, 308 (1995) ("Proceedings 'related to' the bankruptcy include . . . suits between third parties which have an effect on the bankruptcy estate").

34. The Jefferson County Action would necessarily have an effect on the Debtors' Bankruptcy Estates and are within the Bankruptcy Court's "related to" jurisdiction.

35. Alternatively, to the extent that any particular claim against Defendants may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

36. Under the General Order and pursuant to 28 U.S.C. § 157(a), all claims arising in or related to a case under title 11 are automatically referred to the Bankruptcy Court. *See In re Harnischfeger Indus., Inc.*, 246 B.R. 421, 431 (Bankr. N.D. Ala. 2000); *St. Vincent's Hosp. v. Norrell (In re Norrell)*, 198 B.R. 987, 992 n.3 (Bankr. N.D. Ala. 1996).

37. Therefore, the Jefferson County Action against Lake View and the other Defendants is removable, and the entire action is hereby removed to this Court and should be automatically referred to the Bankruptcy Court.

Respectfully submitted on this 17th day of October, 2025,

/s/ John S. Johnson
JOHN S. JOHNSON
   (ASB-7114-H67J)
BENJAMIN S. GOLDMAN
   (ASB-3293-E67G)
*Attorneys for Defendant City Lake View, Alabama*

**OF COUNSEL:**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Telephone:  (205) 324-4400
Facsimile:  (205) 322-1163
E-mail:     bgoldman@handfirm.com
            jjohnson@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all participants of the CM/ECF system and/or that I accomplished service by electronic delivery on the following:

R. Aaron Chastain          achastain@bradley.com
James B. Bailey            jbailey@bradley.com
J. Graham Gilmore          ggilmore@bradley.com
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
*Counsel for Plaintiffs Knobloch, Inc. and Tannehill Sewer, LLC*

Lynn Stephens O'Neal       loneal@lsppc.com
LEITMAN, SIEGAL & PAYNE, P.C.
The Woodward Building
1927 1st Avenue North, Suite 101
Birmingham, Alabama  35203
*Counsel for Defendant D.R. Horton, Inc. - Birmingham*

Robert Adams               radams@rumberger.com
RUMBERGER KIRK
2001 Park Place North, Suite 1300
Birmingham, Alabama  35203
*Counsel for Defendant D.R. Horton, Inc. - Birmingham*

Joseph E. Stott            jstott@stottharrington.com
Stott & Harrington, P.C.
2637 Valleydale Road, Suite 100
Birmingham, Alabama 35244
*Counsel for Defendant Engineering Design Group, LLC*

Tannehill Preserve Owners Association    Pinnacle Wastewater Systems, LLC
2188 Parkway Lake Drive                  2025 1st Avenue North, Unite 100
Hoover, Alabama 35224                    Birmingham, Alabama 35203

                                          */s/ John S. Johnson*
                                          Of Counsel