FILED

2025 Oct-17  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

**ALABAMA SJIS CASE DETAIL**



| | | |
|---|---|---|
| County: **01** | Case Number: **CV-2025-903924.00** | Court Action: |
| Style: **KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL** | | |



`Real Time`

## Case

### Case Information

| | | |
|---|---|---|
| County: **01-JEFFERSON - BIRMINGHAM** | Case Number: **CV-2025-903924.00** | Judge: **MYA:MONICA Y. AGEE** |
| Style: **KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL** | | |
| Filed: **09/15/2025** | Case Status: **ACTIVE** | Case Type: **OTHER TORT** |
| Trial Type: **BENCH** | Track: | Appellate Case: **0** |
| No of Plaintiffs: **2** | No of Defendants: **5** | |

### Damages

| | | |
|---|---|---|
| Damage Amt: **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | Compensatory Damages: **0.00** | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Disposition Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subponeas: | Last Update: **09/15/2025** | Updated By: **AJA** |

## Parties

### Party 1 - Plaintiff BUSINESS - KNOBLOCH INC.

#### Party Information

| | | | |
|---|---|---|---|
| Party: **C001-Plaintiff** | Name: **KNOBLOCH INC.** | | Type: **B-BUSINESS** |
| Index: **D CITY OF LAKE** | Alt Name: | Hardship: **No** | JID: **MYA** |
| Address 1: **1509 9TH STREET** | | Phone: **(205) 000-0000** | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Address 2: | | | | | | | |
| City: | **LEEDS** | State: | **AL** | Zip: | **35094-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GIL095 | | GILMORE JACKSON GRAHAM | GGILMORE@BRADLEY.COM | (205) 521-8091 |

## Party 2 - Plaintiff BUSINESS - TANNEHILL SEWER, LLC

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **C002-Plaintiff** | Name: | **TANNEHILL SEWER, LLC** | | | Type: | **B-BUSINESS** |
| Index: | **D CITY OF LAKE** | Alt Name: | | Hardship: **No** | | JID: | **MYA** |
| Address 1: | **1509 9TH STREET** | | | Phone: | **(205) 000-0000** | | |
| Address 2: | | | | | | | |
| City: | **LEEDS** | State: | **AL** | Zip: | **35094-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: **$0.00** | | Court Action For: | Exemptions: |
| Cost Against Party: **$0.00** | | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | Answer Type: | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | GIL095 | | GILMORE JACKSON GRAHAM | GGILMORE@BRADLEY.COM | (205) 521-8091 |

## Party 3 - Defendant BUSINESS - CITY OF LAKE VIEW, ALABAMA

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | **CITY OF LAKE VIEW, ALABAMA** | Type: | **B-BUSINESS** |
| Index: | **C KNOBLOCH INC** | Alt Name: | | Hardship: **No** | JID: **MYA** |
| Address 1: | **22757 CENTRAL PARK DRIVE** | | | Phone: | **(205) 000-0000** |
| Address 2: | | | | | |
| City: | **MCCALLA** | State: | **AL** | Zip: **35111-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | **09/15/2025** | Issued Type: **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 4 - Defendant BUSINESS - D.R. HORTON, INC. - BIRMINGHAM

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | **D.R. HORTON, INC. - BIRMINGHAM** | Type: | **B-BUSINESS** |
| Index: | **C KNOBLOCH INC** | Alt Name: | | Hardship: **No** | JID: **MYA** |
| Address 1: | **2 NORTH JACKSON STREET** | | | Phone: | **(205) 000-0000** |
| Address 2: | **SUITE 605** | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | **09/15/2025** | Issued Type: **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | | Service Type | Service On: | Notice of No Answer: Served By: |
| Answer: | | Answer Type: | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 5 - Defendant BUSINESS - TANNEHILL PRESERVE OWNERS ASSOCIATION

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | TANNEHILL PRESERVE OWNERS ASSOCIATION | | Type: | B-BUSINESS |
| Index: | C KNOBLOCH INC | Alt Name: | | Hardship: No | JID: | MYA |
| Address 1: | 2188 PARKWAY LAKE DRIVE | | | Phone: (205) 000-0000 | | |
| Address 2: | | | | | | |
| City: | HOOVER | State: | AL | Zip: 35224-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 09/15/2025 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | | Service Type | Service On: | Served By: |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 6 - Defendant BUSINESS - ENGINEERING DESIGN GROUP, LLC

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | D004-Defendant | Name: | ENGINEERING DESIGN GROUP, LLC | | Type: | B-BUSINESS |
| Index: | C KNOBLOCH INC | Alt Name: | | Hardship: No | JID: | MYA |
| Address 1: | 120 BISHOP CIR. | | | Phone: (205) 000-0000 | | |
| Address 2: | SUITE 300 | | | | | |
| City: | PELHAM | State: | AL | Zip: 35124-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 09/15/2025 | Issued Type: F-CERTIFIED MAIL BY FIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | | Service Type | Service On: | Served By: |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Attorney 1 | 000000 | | PRO SE | | |

## Party 7 - Defendant BUSINESS - PINNACLE WASTEWATER SYSTEMS, LLC

### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D005-Defendant | Name: | **PINNACLE WASTEWATER SYSTEMS, LLC** | Type: | **B-BUSINESS** |
| Index: | **C KNOBLOCH INC** | Alt Name: | | Hardship: **No** | JID: **MYA** |
| Address 1: | **2025 1ST AVENUE NORTH** | | | Phone: | **(205) 000-0000** |
| Address 2: | **UNIT 100** | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: **35203-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **09/15/2025** | Issued Type: | **F-CERTIFIED MAIL BY FIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Notice of No Answer: Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | CONV - CONV FEE | C001 | | $18.09 | $18.09 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CVAP - CV ADDTL PLA | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 - CV OVER $50K | C001 | | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $469.09 | $469.09 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/16/2025 | CREDIT | CONV - CONV FEE | 2025247 | 44753500 | $18.09 | C001 | 000 | Cash | N | | | DOG |
| 09/16/2025 | RECEIPT | CVAP - CV ADDTL PLA | 2025247 | 44753600 | $100.00 | C001 | 000 | Credit Card | N | | | DOG |
| 09/16/2025 | RECEIPT | CV05 - CV OVER $50K | 2025247 | 44753700 | $306.00 | C001 | 000 | Credit Card | N | | | DOG |
| 09/16/2025 | RECEIPT | VADM - VADM FEE | 2025247 | 44753800 | $45.00 | C001 | 000 | Credit Card | N | | | DOG |

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 9/15/2025 | 4:59 PM | ECOMP | COMPLAINT E-FILED. | GIL095 |
| 9/15/2025 | 4:59 PM | FILE | FILED THIS DATE: 09/15/2025          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | ASSJ | ASSIGNED TO JUDGE: MONICA Y. AGEE          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 9/15/2025 | 4:59 PM | C001 | C001 PARTY ADDED: KNOBLOCH INC.          (AV02) | AJA |
| 9/15/2025 | 4:59 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 4:59 PM | C001 | LISTED AS ATTORNEY FOR C001: GILMORE JACKSON GRAH | AJA |
| 9/15/2025 | 4:59 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 4:59 PM | C002 | C002 PARTY ADDED: TANNEHILL SEWER, LLC      (AV02) | AJA |
| 9/15/2025 | 4:59 PM | C002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 4:59 PM | C002 | LISTED AS ATTORNEY FOR C002: GILMORE JACKSON GRAH | AJA |
| 9/15/2025 | 4:59 PM | C002 | C002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D001 | D001 PARTY ADDED: CITY OF LAKE VIEW, ALABAMA(AV02) | AJA |
| 9/15/2025 | 5:01 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D001 | CERT MAIL-FIL ISSUED: 09/15/2025 TO D001   (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D002 | D002 PARTY ADDED: D.R. HORTON, INC. - BIRMINGHAM | AJA |
| 9/15/2025 | 5:01 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D002 | CERT MAIL-FIL ISSUED: 09/15/2025 TO D002   (AV02) | AJA |
| 9/15/2025 | 5:01 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D003 | D003 PARTY ADDED: TANNEHILL PRESERVE OWNERS ASSOCI | AJA |
| 9/15/2025 | 5:03 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D003 | CERT MAIL-FIL ISSUED: 09/15/2025 TO D003   (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D003 | D003 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D004 | D004 PARTY ADDED: ENGINEERING DESIGN GROUP, LLC | AJA |
| 9/15/2025 | 5:03 PM | D004 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D004 | LISTED AS ATTORNEY FOR D004: PRO SE          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D004 | CERT MAIL-FIL ISSUED: 09/15/2025 TO D004   (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D004 | D004 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2025 | 5:03 PM | D005 | D005 PARTY ADDED: PINNACLE WASTEWATER SYSTEMS, LLC | AJA |
| 9/15/2025 | 5:04 PM | D005 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2025 | 5:04 PM | D005 | LISTED AS ATTORNEY FOR D005: PRO SE          (AV02) | AJA |
| 9/15/2025 | 5:04 PM | D005 | CERT MAIL-FIL ISSUED: 09/15/2025 TO D005   (AV02) | AJA |
| 9/15/2025 | 5:04 PM | D005 | D005 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |

## Images

| Date: | Doc# | Title | Description | Pages |
|-------|------|-------|-------------|-------|
| 9/15/2025 4:59:02 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 9/15/2025 4:59:03 PM | 2 | COMPLAINT | | 21 |
| 9/15/2025 5:00:27 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 9/15/2025 5:00:28 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 5 |

 **END OF THE REPORT**

ELECTRONICALLY FILED
9/15/2025 4:59 PM
01-CV-2025-903924.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01 |
|---|---|---|

Date of Filing:   Judge Code:
09/15/2025

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**KNOBLOCH INC. ET AL v. CITY OF LAKE VIEW, ALABAMA ET AL**

**First Plaintiff:** ☑ Business ☐ Individual ☐ Government ☐ Other
**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☑ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING
P ☐ APPEAL FROM PROBATE COURT
A ☐ APPEAL FROM DISTRICT COURT
O ☐ OTHER

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO
**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
GIL095

9/15/2025 4:59:01 PM
Date

/s/ Jackson Graham Gilmore
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
9/15/2025 4:59 PM
01-CV-2025-903924.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **KNOBLOCH, INC., AND** | ) |
| **TANNEHILL SEWER, LLC,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CITY OF LAKE VIEW, ALABAMA;** | )    **CASE NO.** |
| **D.R. HORTON, INC. – BIRMINGHAM;** | ) |
| **TANNEHILL PRESERVE OWNERS** | ) |
| **ASSOCIATION; ENGINEERING DESIGN** | ) |
| **GROUP, LLC; AND PINNACLE** | ) |
| **WASTEWATER SYSTEMS, LLC** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

Plaintiffs Knobloch, Inc. ("***Knobloch***") and Tannehill Sewer, LLC ("***Tannehill***" and together with Knobloch, "***Plaintiffs***" or "***Property Holders***") complain against Defendants City of Lake View, Alabama (the "***City***"), D.R. Horton, Inc. - Birmingham ("***DRH***"), Tannehill Preserve Owners Association ("***TPOA***"), Engineering Design Group, LLC ("***EDG***"), and Pinnacle Wastewater Systems, LLC ("***PWS***") regarding Defendants' conspiracy to operate its own sewer system in the City in violation of the Sewer Franchise held by Tannehill and utilized by Knobloch. In support of this Complaint, the Plaintiffs state the following:

### PARTIES, JURISDICTION, AND VENUE

1.      Tannehill is an Alabama limited liability company with its principal place of business in Leeds, Alabama. Tannehill is the owner of the real property where ECO-Preservation Services LLC's ("***ECO-Preservation***") wastewater treatment plant ("***WWTP***") sits. In addition, Tannehill owns the sewage collection system that services the City and transports raw sewage to the WWTP (the "***Collection System***"). Tannehill leases the real property for the WWTP to ECO-

Preservation (the "***Ground Lease***"). Moreover, Tannehill and ECO-Preservation are parties to a collection system lease by which ECO-Preservation rents the Collection System "consisting of easements, rights-of-way, gravity main pipelines, force main pipelines, pumping stations, accoutrements, permits, and franchises" from Tannehill (the "***Collection System Lease***"). ECO-Preservation relies on the use of the property covered by the Ground Lease and the Collection System Lease in order to perform its sanitary sewer business operations in the City.

2.     Knobloch is an Alabama corporation with its principal place of business in Leeds, Alabama. Knobloch is the owner of the discharge pipeline that ECO-Preservation uses to discharge the resulting effluent after treatment of the raw sewage at the WWTP (the "***Discharge Pipeline***"). In addition, Knobloch owns NPDES Permit No. AL0068420 ("***Discharge Permit***") issued by the Alabama Department of Environmental Management ("***ADEM***") to discharge treated wastewater into the waters of Mud Creek, in Bibb County, Alabama. ECO-Preservation, Knobloch, and SERMA Holdings were parties to a discharge license that allows ECO-Preservation to use the Discharge Pipeline and Discharge Permit (the "***Discharge License***")—SERMA Holdings later assigned its rights under the Discharge License to Knobloch. ECO-Preservation relies on the use of the Discharge Pipeline and the Discharge Permit in order to perform sanitary sewer business operations in the City.

3.     DRH is a domestic corporation with a principal place of business in Birmingham, Alabama. DRH is a residential homebuilder in the City and surrounding areas. DRH can be served by way of its registered agent, CT Corporation System, at 2 North Jackson St., Suite 605, Montgomery, Alabama 36104. DRH can also be served personally or by certified mail at its mailing address: 2188 Parkway Lake Drive, Hoover, Alabama 35224.

4.      TPOA is a domestic non-profit corporation with a principal place of business in Birmingham, Alabama. The TPOA manages the common areas within the Subdivision (as defined below). Upon information and belief, TPOA does not currently have a registered agent. According to the Alabama Secretary of State business entity records, TPOA's registered agent resigned on August 13, 2024. TPOA can be served personally or by certified mail at its mailing address: 2188 Parkway Lake Drive, Hoover, Alabama 35224.

5.      PWS is a domestic limited liability company with a principal place of business in Birmingham, Alabama. PWS can be served by way of its registered agent, Wynn Echols, Jr., at 2025 1st Avenue North, Unit 100, Birmingham, Alabama 35203.

6.      EDG is a domestic limited liability company with a principal place of business at 120 Bishop Cir., Suite 300, Pelham, Alabama 35124. EDG can be served personally or by certified mail at its principal place of business, or by way of its registered agent, David T. Stovall, located at 15 Southlake Lane, Birmingham, Alabama 35244.

8.      The City is an Alabama municipal corporation that is situated in both Tuscaloosa County and Jefferson County. The City can be served at the City Hall, located 22757 Central Park Drive Lake View, AL 35111, attn: Town Clerk Tawana Witherspoon.

9.      Jurisdiction and venue for this action is proper in this Court under §§ 6-3-6 and 6-3-7 and 12-11-30. Each of the Defendants are either located in or does business in Jefferson County, Alabama. Moreover, the amount in controversy exceeds twenty thousand dollars ($20,000), exclusive of interest and costs.

## FACTUAL BACKGROUND

### I.      The GUSC Enters into a Sewer Contract with SERMA.

10.      In 1999, residents of the City, which had been founded only a year earlier, reached out to White to set up a sewer system.

11.     The City council approved the formation of the GUSC at a June 14, 1999 meeting.

12.     The GUSC's certificate of incorporation was filed in June 1999.

13.     On June 21, 1999, the City council met and appointed three members to the board of the GUSC.

14.     The City council also passed Ordinance No. 99-05 Granting a Sewer Franchise (the "***Franchise Ordinance***"), which authorized the mayor of the City to execute an agreement to transfer sewer assets to the GUSC and to grant a franchise to SERMA for a period of 30 years (the "***Sewer Franchise***").

15.     The Franchise Ordinance provides that SERMA has "the right, privilege, authority, consent and franchise to acquire, own, maintain, construct, or enlarge within the [City] and the Service Area a sanitary sewer collection system and a sanitary sewage treatment plant . . . ." Paragraph 3 of the Franchise Ordinance provides that the "franchise is not exclusive and the [City] reserves the right to grant rights or franchises to others, and reserves its own right as a municipality to use the road rights of ways for the same or different purposes allowed the [GUSC] and the Service Provider hereunder, by franchise, permit or otherwise; provided, if the [City] grants any franchise for or otherwise permits the provision of sanitary sewer services within the Service Area, the terms of such franchise or permit shall be equal to the terms hereof and shall contain specific provisions that such services shall be provided, within sixty (60) days from the granting of such franchise or first provision of services, to serve all current users and, as each system expands, to serve all current and all future users on an equal class basis within the Service Area." Paragraph 4 of the Franchise Ordinance provides that SERMA could assign the Sewer Franchise.

16.     Paragraph 8 of the Franchise Ordinance states "[t]hat when this franchise shall have been accepted by [SERMA], it shall constitute a contract between the [City] and [SERMA].

17.    The GUSC met on June 28, 1999, and adopted resolutions authorizing the GUSC to open a bank account with Covenant Bank and to establish a $12 million line of credit with SERMA.

18.    The GUSC met again on July 13, 1999, to pass resolutions governing the acquisition of property for the sewer system and (with the City) execute the agreement purchasing the entire sanitary sewer system from the City (the "***GUSC Purchase Agreement***"). *See* **Exhibit A.**

19.    On the same day, the GUSC executed an agreement selling the entire sanitary sewer system to SERMA (the "***SERMA Purchase Agreement***"). *See* **Exhibit B.** The transfer of assets consists of the following:

(a)    The entire sanitary sewer system together with all improvements and appurtenances, all water storage facilities, riparian rights, standpipes, including plants, systems, facilities, pumping stations, pipelines, manholes, transmission mains, meters, service lines, hydrants, valves, fittings, collection lines, outfall lines, lift stations, treatment facilities and other usual component parts of a sanitary sewer system and all of the Public Sewer Corporation's other properties, real, personal and mixed, tangible and intangible, and other buildings located upon or

adjacent to any easement or right of way for any lift station or trunk main including, but not limited to, the collection system and trunk lines, which form a part of, or pertain to, its sanitary sewer system, as it may currently exist or be acquired in the future, along with the real estate and any structures or improvements located thereon, including, but not limited to fencing, pumps, controls, inventoried piping, fixtures and supplies, incorporated herein by reference. (All of which are collectively hereinafter referred to as the **"System"**);

(b)    All permits, easements, rights-of-way, crossing agreements, contracts, privileges, immunities, franchises, and licenses which are used or are to be used by the Public Sewer Corporation in the operation of System;

(c)    All personal property forming a part of the System, except any trucks or tools used in the operation of the System;

(d)    All property, rights and privileges, whether real, personal or mixed, and whether tangible or intangible, that the Public Sewer Corporation may acquire between the date of this Agreement and the closing of this transaction as a part of, or as an improvement to, or extension of, the System, and any extensions thereof and additions thereto; it being the intention hereof that all property, rights and privileges acquired by the Public Sewer Corporation after the date hereof, and prior or subsequent to the closing of this transaction, for use as part of the System shall be as fully covered hereby as if such property, rights and privileges were now owned by the Public Sewer Corporation and were specifically described herein.

The transfer of assets are hereinafter referred to as the ***Sewer Property***. The City's Annual Report, dated September 30, 2024, attests to SERMA's purchase of "the entire sanitary sewer system under terms of a thirty (30) year franchise agreement with the City."

20.    The GUSC, in the SERMA Purchase Agreement, represented and warranted that it was "a public corporation duly organized and validly existing under the laws of the State of Alabama, and has all necessary powers to construct, own and operate the System." *See* Ex. B at Section 6(a).

21.    In Section 6(b) of the SERMA Purchase Agreement, the GUSC represented and warranted to SERMA that the GUSC's Chairman had "full power and authority to execute, deliver and perform [the] Agreement" among other warranties regarding the GUSC's authority.

22.    In Section 6(c) of the SERMA Purchase Agreement, the GUSC represented and warranted to SERMA that the GUSC "[had], or will have on the date of the Closing, good and marketable title to all its properties and assets, real, personal and mixed, tangible and intangible, free and clear of all liens and encumbrances . . . [and] good and marketable fee simple title . . . to the property specifically described in Section 1(a) of this Agreement."

23.     Further, the SERMA Purchase Agreement set forth that the GUSC received an attorney opinion letter setting forth the Section 6 warranties:

(4)   Opinion of Attorneys for the Public Sewer Corporation. The Service Provider shall have been furnished with an opinion, dated the Closing date, of Boozer Downs, counsel for the Public Sewer Corporation, which opinion shall cover: (i) the Public Sewer Corporation's organization as set forth in section 6(a) of this Agreement; (ii) the Public Sewer Corporation's authority to enter into transactions as set forth in section 6(b) of this Agreement; (iii) title opinions showing that the Public Sewer Corporation has good and marketable title as provided in section 6(c) of this Agreement, except that the Public Sewer Corporation may provide a title insurance policy or policies with regard to its real estate and interest in real estate instead of such title opinion; and (iv) the absence of undisclosed liabilities as set forth in section 6(d) of this Agreement; (v) the absence of litigation as set forth in section 6(e) of this Agreement; (vi) the validity of instruments of transfer; all in a form satisfactory to the Service Provider and the Service Provider's attorneys. With regard to items (iii), (iv) and (v) above, the opinions shall be based on a certificate or certificates given to the Public Sewer Corporation's attorney by the Chairman of the Public Sewer Corporation and/or such other official of the Public Sewer Corporation who has the necessary knowledge, and, with regard to items (iv) and (v), the Public Sewer Corporation's attorneys shall state in their opinion whether or not they have notice or knowledge of any litigation or liabilities referred to in items (iv) and (v).

24.     On August 30, 1999, Pat Nooney, the Chairman of the GUSC, informed the City that the GUSC accepted the Franchise Ordinance and wished to complete the "transaction contemplated by our agreements at the earliest possible dates."

25.     SERMA gave notice to the City on the same day that it accepted the Franchise Ordinance, could provide sewer service to the area, and desired to "close the transaction at the earliest possible date."

26.     The thirty-year Sewer Franchise was originally granted to SERMA awarding SERMA a non-exclusive franchise to provide sewer service to "the Service Area" what was defined to mean "the area within the [Town of Lake View] and within thirty (30) miles of the Town's corporate limits within counties in which the Town is wholly or partially situated or other such county if municipality whose governing body has adopted a resolution consenting to such location of the System, or any future expansion of the System, within said county or municipality."

27.     The Covenant Bank account for GUSC was opened on August 26, 2004.

28.     The GUSC subsequently adopted various resolutions authorizing a Utility Services Agreement with the City, appointing Mr. White as the disbursement agent, and opening a bank account.

## II.     The Parties Execute Additional Transfers of Sewer Property Rights.

29.     On August 2, 2019, the GUSC, at the direction of SERMA, transferred property to Tannehill via a Grant of Sewer Parcels, Easements, Personal Property and Other Rights (the transferred property is hereinafter referred to as the "***Additional Sewer Property***").

30.     Fifteen days later, SERMA assigned its rights under the Franchise Ordinance and the SERMA Purchase Agreement to Tannehill. As a result, on August 17, 2019, Tannehill became the owner the Collection System and the Sewer Franchise, in addition to the Sewer Property and Additional Sewer Property it had already acquired.

## III.     The City Obtains Summary Judgment Against City Resident's 1983 Claims.

31.     On June 1, 2020, in response to litigation initiated it against it by Lake View city residents, the City moved for summary judgment on the claims in each of the Section 1983 actions (collectively "***the Section 1983 Litigation***").[1] In its "Uniform Brief" supporting the motions, the City stated to the court as fact that:

> 7. In June of 1999, pursuant to Ala. Const art. XII, § 220, the Town Council adopted an ordinance granting GUSC and SERMA non-exclusive permission to use the Town's[2] public ways and other public places to construct and maintain a wastewater collection system that would be connected to ECO's wastewater treatment plant.

---

[1] *See Davis*, ECF No. 116 (Uniform Brief), Case 7:17-cv-01533-LSC (N.D. Ala. June 1, 2020); *Slone*, ECF No. 142 (Uniform Brief), Case 7:17-cv-01534-LSC (N.D. Ala. June 1, 2020); *Lawrence*, ECF No. 144 (Uniform Brief), Case 7:17-cv-01535-LSC (N.D. Ala. June 1, 2020).
[2] The City was called a "town" until the 2020 U.S. Census, and documents prior to that time generally used the term "the Town" in reference to it. *See* Compl. p. 2 n. 1.

8. In July of 1999, pursuant to §§ 11-97-8(a)(5) and -15, the Town transferred all of its interests in the as-yet-unconstructed sewer system to the GUSC. The GUSC, pursuant to its powers under § 11-97-8(a)(5), agreed to "sell and let" its rights in the system to SERMA, who agreed to "purchase and lease" them.

**9. The Town has not owned property rights in the sewer system's infrastructure since its conveyance to GUSC in July of 1999.**

*See Davis*, ECF No. 117 (Uniform Brief) at pp. 9–10 ¶¶ 7–9 (record citations omitted; emphasis added), Case 7:17-cv-01533-LSC (N.D. Ala. June 1, 2020).[3]

32.     The City also stated, "At all times relevant to these actions, [the] **GUSC owned the local sewer collection system**, and 'pursuant to' its 1999 agreement with SERMA, leased its collection system assets to SERMA under a long-term Lease executed and recorded in December of 2016." *Id*. at p. 11 ¶ 16 (citation omitted; emphasis added).

33.     Throughout its motion for summary judgment, the City argued that it bore no liability because (a) the GUSC was validly incorporated and (b) the GUSC had entered into effective and binding contractual agreements with the White Defendants for sewer operations and sewer property interests. For instance, the City argued:

> The [City] cannot and should not be held to account under § 1983 for the separate policies, customs, or actions of the [GUSC], which is a distinct public corporation vested by the State of Alabama with full and independent powers to own and govern the operations of the local sewer system. Nor can the [City] be held liable for the actions of the various private Defendants in managing the local sewer system under an agreement with GUSC.

*Id*. at p. 50.

34.     The City contended, "the Town acted to incorporate GUSC, granted a non-exclusive sewer franchise to GUSC and to SERMA Holdings to build and maintain sewer system

---

[3] Because the same Uniform Brief was filed in each of the three actions, the Property Holders cite only to the docket entry in the Davis action.

infrastructure within the Town's limits, and conveyed all of its property interests in the sanitary sewer system to GUSC." *Id*. at pp. 50– 51.

35.     Another section of the City's argument was entitled, "The [City] of Lake View lacks control over the operations of the local sewer system; pursuant to Alabama law, that system is owned and governed by GUSC, a separate public corporation with distinct statutory powers." *Id*. at pp. 51-70.

36.     The City's motion was successful: Judge Coogler entered an order granting summary judgment to the City on October 14, 2020.[4] The Order adopted as findings many of Lake View's statements of fact.

37.     For instance, Judge Coogler found "[the City] authorized the incorporation of the GUSC, pursuant to Alabama Code § 11-97-3." *Id*. at p. 4. He also found that the Franchise Ordinance was enacted effectively on June 22, 1999, and that the GUSC Purchase Agreement and SERMA Purchase Agreement went into effect on July 13, 1999. *Id*. at 5.

38.     Judge Coogler noted "both the GUSC and [the City] stood to benefit if White Defendants successfully collected Plaintiffs' unpaid sewer bill." *Id*. at 32.

39.     Judge Coogler held, however, that the City could not be held liable because the Section 1983 Plaintiffs could not show that "the policies of the GUSC should be treated as the policies of Lake View." *Id*. at 40.

40.     Judge Coogler ruled that "Alabama law appears to create a clear legal distinction between the GUSC and [the City]" and "under Alabama law, the GUSC is an independent public corporation, the policies of which cannot be attributed to [the City]." *Id*. at 44–45.

41.     The order granting summary judgment to the City was a valid and final judgment.

---

[4] *Davis*, ECF No. 139 ("***Order***"), Case 7:17-cv-01533-LSC (N.D. Ala. October 14, 2020).

42.    The City's disclaiming any actual or potential interest or authority over the entire sanitary sewer system was essential to the City's win on summary judgment.

## IV.    The Conspiracy and Breach of the Franchise Ordinance

43.    DRH desires to construct more homes in the City and surrounding areas, avoid doing business with ECO-Preservation (directly impacting Property Holders) and, consequently, operate its own sewer system in the City (or use one operated by an entity other than ECO-Preservation). Any such operation, however, would be in violation of the Sewer Franchise held by Tannehill and utilized by ECO-Preservation and Knobloch. Because of this, the City and the GUSC initiated an adversary proceeding in the U.S. Bankruptcy Court for the Northern District of Alabama (24-ap-00039-DSC) seeking an order that the Franchise Ordinance, SERMA Purchase Agreement, and GUSC Purchase Agreement declared void.

44.    Pursuant to the Franchise Ordinance, Tannehill holds a non-exclusive franchise to provide sewer service to all homes in the City. Under the Franchise Ordinance, the City cannot permit any home built in the City limits to connect to a sewer service that does not provide sewer service to all of the City's residents. Currently, ECO is the only sewer service provider that has the capability to provide sewer service to all homes in the City, through its use of Tannehill's Collection System and Knobloch's Discharge Pipeline and Discharge Permit.

45.    As detailed below, DRH and PWS have tortiously interfered with the Sewer Franchise held by Tannehill pursuant to the Franchise Ordinance by knowingly inducing the City to approve building plans that allow for numerous homes built in the City to connect to a sewer service that does not provide sewer service to all of the City's residents. This tortious interference has deprived ECO-Preservation of substantial revenue from connection fees and monthly service

and has deprived the Property Owners of the connection fees that would have been paid if the City had not been induced to breach the terms of the Franchise Ordinance.

46.    Further, DRH, TPOA, PWS, EDG, and the City have conspired together in an attempt to damage Property Holders and ECO by thwarting their operation of the Sewer Property and Collection System in accordance with the Franchise Ordinance.

47.    In February 2018, DRH purchased 367 unimproved residential lots in McCalla, Alabama (the "*Tannehill Preserve Property*") from Tannehill Investments, LLC for $2,865,000.00. The statutory warranty deed for DRH's purchase of the Tannehill Preserve Property is recorded in the probate records of Tuscaloosa County at Deed Book 2018, Page 3532 (the "*Tannehill Preserve Property Statutory Warranty Deed*"). Among the parcels included in the Tannehill Preserve Property Statutory Warranty Deed is a parcel referred to as "Dillon Place" which is a parcel of land situated in Section 29, Township 20 South, Range 5 West, Tuscaloosa County, Alabama.

48.    DRH began developing part of the Dillon Place parcel and now refers to it as "Dillon Hills at Tannehill Preserve" ("*Dillon Hills*" or the "*Subdivision*"). Dillon Hills is within the City's city limits.

49.    DRH retained EDG to perform civil engineering and land surveying work on the Dillion Hills subdivision.

50.    On April 26, 2019, the TPOA received via quitclaim deed various parcels of real property from Tannehill Investments, LLC, Tannehill Development, Inc., and Logan Real Estate Holdings, LLC (the "*2019 Quitclaim Deed*"). Among the property acquired by the TPOA in the 2019 Quitclaim Deed is "Parcel 4 (Conservation Area)" which is comprised of six tracts.

51.    On January 24, 2024, EDG received a "National Pollutant Discharge Elimination

System Permit" (Permit No. AL0084474) from the ADEM allowing EDG to discharge from another wastewater treatment plant, Tannehill Preserve Clean Water Facility, into the Cooley Creek—which is upstream of Knobloch (the "***Tannehill Preserve NPDES Permit***").

52.    Under the terms of the Tannehill Preserve NPDES Permit, the Tannehill Preserve Clean Water Facility is designed with a maximum flow rate of 0.045 million gallons per day.  This maximum flow rate is insufficient to meet the needs for all of the sewer service users located in the City of Lake View.

53.    In February 2024, construction began on the Tannehill Preserve Clean Water Facility.

54.    The Final Plat for Dillon Hills was recorded on March 5, 2024 in the probate records of Tuscaloosa County at Plat Book 2024, Page 54 (the "***Dillon Hills Plat***"). The Dillon Hills Plat demonstrates that the Dillon Hills at Tannehill Preserve subdivision will not hook up to the ECO sanitary sewer system.

55.    The Dillon Hills Plat is not signed by ECO. Rather, it is signed by PWS stating:

> PINNACLE WASTEWATER SYSTEMS, LLC HEREBY (A) ASSENTS TO THE RECORDATION OF THIS MAP OR PLAT BY [DRH], (B) ACCEPTS THE DEDICATION, TRANSFER AND CONVEYANCE BY [DRH] OF THE SANITARY SEWER IMPROVEMENTS, FACILITIES, APPURTENANCES, EASEMENTS AND RIGHTS-OF-WAY AS SHOWN, (C) AUTHORIZES CONNECTION TO THE SANITARY SEWER COLLECTION SYSTEM, SUBJECT TO ITS RULES AND REGULATIONS.

56.    The Dillon Hills Plat is signed and approved by the City's mayor, engineer, town clerk, and planning commission.

57.    According to the Dillon Hills Plat, there are 130 lots on which DRH plans to construct homes. DRH plans to hook those homes into a sanitary sewer system operated by some entity other than ECO, thus depriving Knobloch and ECO-Preservation of the connection fees that

would be owed if DRH and the City complied with the Franchise Ordinance and depriving ECO of the revenues from the billing for the provision of sewer service.

58.     On March 5, 2024, DRH, as the owner of the property shown on the Dillon Hills Plat, executed a "Sixth Amendment to Declaration of Conditions, Covenants and Restrictions of Tannehill Preserve Subdivision" (the "***Sixth Amendment***") to add the Subdivision as additional property subject to the Amended and Restated Tannehill Preserve Declaration of Covenants, Conditions and Restrictions dated February 21, 2008 and recorded in Book LR200860, Page 25150 in the probate records of Tuscaloosa County, Alabama (the "***Declaration***").

59.     Also on March 5, 2024, DRH conveyed via quitclaim deed all "common areas, common open spaces and easements, shown on the [Dillon Hills Plat]" to TPOA (the "***Dillon Hills Quitclaim Deed***"). The Dillon Hills Quitclaim Deed was recorded on April 1, 2024 in the probate records of Tuscaloosa County at Deed Book 2024, Page 6402.

60.     On March 14, 2024, counsel for Tannehill sent a cease and desist letter to the City, DRH, and EDG regarding the Tannehill Preserve NPDES Permit and their efforts to create a separate sanitary sewer system within the City. The letter set forth the terms of the Sewer Franchise—specifically that any other company permitted by the City to provide sanitary sewer services within the City's service area must be able to serve all current customers within sixty days of the granting of the franchise or first provision of services. The letter informs the City, DRH, and EDG that their efforts to create a separate sewer system that could not service all 730+ existing users, was in violation of the Sewer Franchise and was an interference with Tannehill's and the City's contractual relationship.

61.     On February 27, 2025, TPOA and DRH entered into an Easement Agreement, which was recorded on March 11, 2025, in the probate records of Tuscaloosa County, Alabama,

at Deed Book 2025, Page 4989 (the "***Easement Agreement***"). The Easement Agreement provides that the TPOA is the owner of "Parcel 4 (Conservation Area)" identified as Tuscaloosa County Tax Parcel ID No. 63 25 09 29 0 001 026.029 (the "***Common Area***"). It further provides that DRH is the owner of Lot 2-130 shown on the Dillon Hills Plat, and that "upon which a wastewater treatment facility will be constructed and maintained to provide sanitary sewer service to certain portions of the Subdivision." The Easement Agreement provides DRH a perpetual easement over, across, under and through a portion of the Common Area more particularly described and depicted on Exhibit A to the Easement Agreement (the "***Easement Property***"). Paragraph 2 of the Easement Agreement provides the following:

> [TPOA] hereby grants and conveys to [DRH], for the use, enjoyment and benefit of [DRH] and [DRH]'s employees, agents, contractors, vendors, tenants, invitees, licensees, and successors and assigns, a non-exclusive, perpetual easement over, across, under, through, and into (as applicable) the Common Area in order to (i) construct, install, maintain, operate, repair and replace from time to time one or more sewer force mains, outfall lines, and related infrastructure and facilities (the "Water Treatment Facilities") from Lot 2-130 over, across, under, through and into the Easement Property, (ii) to discharge and direct water by way of the Water Treatment Facilities from Lot 2-130 over, across, under, through and into the Common Area, and (iii) pedestrian and vehicular ingress and egress over and across the Common Area for the purpose of accessing the Water Treatment Facilities (the "Easement").

Paragraph 4 of the Easement Agreement provides that the Water Treatment Facilities will be maintained by DRH.

62.    On May 2, 2025, a "Resurvey Plat" for Dillon Hills, dated April 2, 2025, was recorded at Plat Book 2025, Page 84. The Resurvey Plat provides that several streets would be changed to private streets and that the TPOA is responsible for all maintenance of the private roads.

63.    The conversion of the streets in Dillon Hills from public to private was to prevent the requirement for a franchise from the City and to prevent the application of the PSC. Upon information and belief, it was done to thwart Tannehill's ownership of the easement it has on the

City's public streets for the operation of its Collection System.

64.     On August 29, 2025, a "Seventh Amendment to Declaration of Conditions, Covenants and Restrictions of Tannehill Preserve Subdivision" was executed by DRH (the "***Seventh Amendment***") exempting one of the lots in the Subdivision from any architectural standards or property restrictions set forth in the Declaration. The Seventh Amendment provides that "Lot 2-130 may be used as a sewage treatment facility to provide sanitary sewage treatment for Lots within the Development with any improvements to be constructed on Lot 2-130 being subject to the approval of [DRH] . . . and the City of Lakeview, Alabama." The Seventh Amendment was recorded on August 29, 2025 in the probate records of Tuscaloosa County at Deed Book 2025, Page 20135.

65.     Together, the City, PWS, DRH, and TPOA, have conspired to interfere with Tannehill's Sewer Franchise.

66.     The NPDES Permit obtained by EDG was proposed by DRH and signed off on by the City.

67.     The construction of a sanitary treatment facility by DRH to be operated by PWS and to serve the TPOA members in the City of Lake View is a violation of the Franchise Ordinance. The Subdivision is within the City limits and was approved of by the City, despite its prior agreement in the Franchise Ordinance, which has been assigned to Tannehill.

68.     Property Holders have been damaged by way of this violation. If the Subdivision were connected to the Collection System, Knobloch would have been able to charge and recover a connection fee for each structure connected to the sewer system operated by ECO to account for the usage of Knobloch's Discharge Pipeline.

69.     Knobloch currently has treatment capacity that could be made available to handle

the sewage produced by the homes constructed in Dillon Hills.

70.    Additionally, ECO-Preservation is damaged by the violation. ECO could have charged a connection fee and would have been able to obtain additional monthly revenue for providing sewer service to each house in Dillon Hills.

71.    Upon information and belief, the Defendants intend to use the newly constructed sanitary sewer collection system for homes that will be constructed later in addition to those homes planned for the Dillon Hills Subdivision.

## COUNT I:
## Declaratory Judgment the City Breached the Contract with Tannehill

72.    Property Holders reallege each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

73.    The Franchise Ordinance is a valid and binding contract between the City and Tannehill (as SERMA's assignee).

74.    The City breached the Franchise Ordinance by allowing DRH, PWS, and EDG to construct and provide another sanitary sewer system within the Service Area as defined by the Franchise Ordinance. The Franchise Ordinance defines the Service Area as the area within the City and within thirty (30) miles of the City's corporate limits.

75.    Specifically, the Franchise Ordinance provides that any permitting of another sanitary sewer service within the Service Area "shall be equal to the terms hereof and shall contain specific provisions that such services shall be provided, within sixty (60) days from the . . . first provision of services, to serve all current users and, as each system expands, to serve all current and all future users on an equal class basis within the Service Area."

76.    The City has permitted DRH, PWS, TPOA, and EDG to work together to provide sanitary sewer services that are not capable of servicing all current users within the City's Service

Area.

77.     By approving the Dillon Hills Plat on March 4, 2024, the City permitted DRH and PWS to provide sanitary sewer services within the Service Area. Accordingly, DRH and PWS were required to be able to serve all current users within 60 days. DRH and PWS have failed to do so and will not have the capability to do so in the foreseeable future.

**WHEREFORE**, above premises considered, Property Holders request a declaratory judgment from this Court that the City has breached its contract with Tannehill by violating the Franchise Ordinance.

## COUNT II:
### Tortious Interference with a Contract Against DRH, PWS, and EDG

78.     Property Holders reallege each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

79.     A protectable business relationship exists between the City and Tannehill, as set forth in the Franchise Ordinance granting a Sewer Franchise to SERMA. The Sewer Franchise is a contract between the City and Tannehill, as assignee of the Sewer Franchise from SERMA. The Franchise Ordinance provides that if the City  "grants any franchise for or otherwise permits the provision of sanitary sewer services within the Service Area, the terms of such franchise or permit shall be equal to the terms hereof and shall contain specific provisions that such services shall be provided, within sixty (60) days from the granting of such franchise or first provision of services, to serve all current users and, as each system expands, to serve all current and all future users on an equal class basis within the Service Area."

80.     DRH was aware of the Franchise Ordinance and resulting Sewer Franchise granted to SERMA and assigned to Tannehill. Upon information and belief, DRH's awareness of the Franchise Ordinance is what led the City to file this adversary proceeding seeking to have the

Franchise Ordinance, SERMA Purchase Agreement, and GUSC Purchase Agreement declared void.

81.    Upon information and belief, PWS was aware of the Franchise Ordinance and resulting Sewer Franchise held by Tannehill. PWS was aware that its operation of a sanitary sewer system within the City would tortiously interfere with the Sewer Franchise held by Tannehill.

82.    DRH, PWS and EDG are strangers to the Sewer Franchise held by Tannehill. None had any economic interest in the protectable business relationship existing between the City and Tannehill. In addition, the Franchise Ordinance granting the Sewer Franchise to Tannehill was not granted in reliance on some duty to be performed by PWS or DRH.

83.    By signing the Dillon Hills Plat and pursuing construction of homes in the Subdivision that will be hooked up to another sanitary sewer system, DRH and PWS intentionally interfered with Tannehill's business relationship with the City as set forth in the Franchise Ordinance.

84.    By receiving the Tannehill Preserve NPDES Permit to operate a wastewater facility to treat the raw sewage from Dillon Hills, EDG intentionally interfered with Tannehill's business relationship with the City as set forth in the Franchise Ordinance.

85.    By approving the Dillon Hills Plat on March 4, 2024, the City permitted DRH and PWS to provide sanitary sewer services within the Service Area. Accordingly, DRH and PWS were required to be able to serve all current users within 60 days. DRH and PWS have failed to do so and will not have the capability to do so in the foreseeable future.

86.    Furthermore, EDG's treatment facility is not capable of servicing all current users.

87.    As a result of the interference by EDG, PWS, and DRH, Property Holders have been substantially damaged. As stated above, Property Holders have been unable to derive the

benefit it otherwise would have from hundreds of additional homes hooking up to Tannehill's Collection System and the resulting sewage being treated at ECO-Preservation's WWTP and the effluent discharged through Knobloch's Discharge Pipeline.

**WHEREFORE**, above premises considered, Property Holders request judgment against DRH and PWS for compensatory and punitive damages, plus pre-judgment and post-judgment interest, attorney's fees, and costs. In addition, Property Holders' request this Court enjoin Defendants from further violating the Franchise Ordinance by ordering that any future homes constructed by DRH in the City's service area be hooked up to Tannehill's Collection System.

## COUNT III:
## Civil Conspiracy Against DRH, PWS, TPOA, and EDG

88.     Property Holders reallege each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

89.     Defendants, without a just cause or legal excuse for so doing, entered into a conspiracy through their agreements, arrangements, and understanding for the purpose of hindering, delaying, or preventing Property Holders from extending its Collection System into the Subdivision in violation of the Franchise Ordinance.

90.     Defendants have taken such action in an effort to improve their joint and aligned financial positions to the detriment of Property Holders and to prevent Property Holders from enjoying the full rights and benefit under the Franchise Ordinance.

91.     The conspiracy between the Defendants has damaged Property Holders. If the Subdivision were connected to Tannehill's Collection System (as it should be), Knobloch would have been able to charge and recover a connection fee for each connection.

**WHEREFORE**, above premises considered, Property Holders request judgment against Defendants for compensatory and punitive damages, plus pre-judgment and post-judgment interest, attorney's fees, and costs.

Respectfully submitted this 15th day of September, 2025.

*/s/ J. Graham Gilmore*
J. Graham "Gray" Gilmore
R. Aaron Chastain
James B. Bailey
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 521-8000
Facsimile:  (205) 488-6647
Email: ggilmore@bradley.com
achastain@bradley.com
 jbailey@bradley.com
*Attorneys for Knobloch, Inc. and Tannehill Sewer, LLC*

AlaFile E-Notice

01-CV-2025-903924.00

To:  Jackson Graham Gilmore
     ggilmore@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:     9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-903924.00

To:  CITY OF LAKE VIEW, ALABAMA
     22757 CENTRAL PARK DRIVE
     MCCALLA, AL, 35111

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:     9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-903924.00

To:  D.R. HORTON, INC. - BIRMINGHAM
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:     9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-903924.00

To:  TANNEHILL PRESERVE OWNERS ASSOCIATION
2188 PARKWAY LAKE DRIVE
HOOVER, AL, 35224

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:     9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-903924.00

To:  ENGINEERING DESIGN GROUP, LLC
120 BISHOP CIR.
SUITE 300
PELHAM, AL, 35124

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:      9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2025-903924.00

To:  PINNACLE WASTEWATER SYSTEMS, LLC
2025 1ST AVENUE NORTH
UNIT 100
BIRMINGHAM, AL, 35203

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL
01-CV-2025-903924.00

The following complaint was FILED on 9/15/2025 4:59:04 PM

Notice Date:     9/15/2025 4:59:04 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| **State of Alabama**<br>**Unified Judicial System**<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-903924.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
### KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL

**NOTICE TO:** CITY OF LAKE VIEW, ALABAMA, 22757 CENTRAL PARK DRIVE, MCCALLA, AL 35111

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jackson Graham Gilmore

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1819 Fifth Ave N, Birmingham, AL 35209

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

KNOBLOCH INC.

*(Name(s))*

| 09/15/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ Jackson Graham Gilmore

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*    *(Name of County)*    *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)*                    *(Server's Signature)*                    *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-903924.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
### KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL

**NOTICE TO:** D.R. HORTON, INC. - BIRMINGHAM, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jackson Graham Gilmore
,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 1819 Fifth Ave N, Birmingham, AL 35209                .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    KNOBLOCH INC.
pursuant to the Alabama Rules of the Civil Procedure.                                          <em>[Name(s)]</em>

| 09/15/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| <em>(Date)</em> | <em>(Signature of Clerk)</em> | <em>(Name)</em> |

☑ Certified Mail is hereby requested.          /s/ Jackson Graham Gilmore

<em>(Plaintiff's/Attorney's Signature)</em>

### RETURN ON SERVICE

<em>Certified Mail</em>

☐ Return receipt of certified mail received in this office on _____ .

<em>(Date)</em>

<em>Personal/Authorized</em>

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

| <em>(First and Last Name of Person Served)</em> | <em>(Name of County)</em> | <em>(Date)</em> |
|---|---|---|

Document left:

    ☐ with above-named Defendant;

    ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

    ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

<em>Return of Non-Service</em>

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

| <em>(First and Last Name of Person Served)</em> | <em>(Name of County)</em> | <em>(Date)</em> |
|---|---|---|

    ☐ the above-named Defendant;

    ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| <em>(Type of Process Server)</em> | <em>(Server's Signature)</em> | <em>(Address of Server)</em> |
|---|---|---|

| <em>(Badge or Precinct Number of Sheriff or Constable)</em> | <em>(Server's Printed Name)</em> | |
|---|---|---|

| <em>(Badge or Precinct Number of Sheriff or Constable)</em> | <em>(Telephone Number of Designated Process Server)</em> | |
|---|---|---|

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-903924.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
### KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL

**NOTICE TO:** TANNEHILL PRESERVE OWNERS ASSOCIATION, 2188 PARKWAY LAKE DRIVE, HOOVER, AL 35224

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jackson Graham Gilmore                                                                                              ,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 1819 Fifth Ave N, Birmingham, AL 35209                                              .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of KNOBLOCH INC. pursuant to the Alabama Rules of the Civil Procedure.

<em>[Name(s)]</em>

| 09/15/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ Jackson Graham Gilmore

<em>(Plaintiff's/Attorney's Signature)</em>

### RETURN ON SERVICE

<em>Certified Mail</em>

☐ Return receipt of certified mail received in this office on                                           .

<em>(Date)</em>

<em>Personal/Authorized</em>

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

<em>(First and Last Name of Person Served)        (Name of County)                              (Date)</em>

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

<em>Return of Non-Service</em>

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

<em>(First and Last Name of Person Served)        (Name of County)                              (Date)</em>

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| | | |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

DOCUMENT 4

| **State of Alabama**<br>**Unified Judicial System**<br>Form C-34   Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-903924.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
## KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL

**NOTICE TO:** ENGINEERING DESIGN GROUP, LLC, 120 BISHOP CIR. SUITE 300, PELHAM, AL 35124

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jackson Graham Gilmore
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1819 Fifth Ave N, Birmingham, AL 35209                              .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of KNOBLOCH INC. pursuant to the Alabama Rules of the Civil Procedure.

KNOBLOCH INC.
*(Name(s))*

| 09/15/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ Jackson Graham Gilmore

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on                              .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*        *(Name of County)*                  *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*        *(Name of County)*                  *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

_____        _____        _____
*(Type of Process Server)*                      *(Server's Signature)*                        *(Address of Server)*

_____        _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Server's Printed Name)*

_____        _____
*(Badge or Precinct Number of Sheriff or Constable)*    *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2024 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2025-903924.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA COUNTY, ALABAMA
## KNOBLOCH INC. ET AL V. CITY OF LAKE VIEW, ALABAMA ET AL

**NOTICE TO:** PINNACLE WASTEWATER SYSTEMS, LLC, 2025 1ST AVENUE NORTH UNIT 100, BIRMINGHAM, AL 35203

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Jackson Graham Gilmore

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1819 Fifth Ave N, Birmingham, AL 35209

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

KNOBLOCH INC.
*[Name(s)]*

| 09/15/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ Jackson Graham Gilmore

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*      *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |

| _____ | _____ | |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |